TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-04-00674-CR




George Daniel Luster, Jr., Appellant

v.

The State of Texas, Appellee





FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
NO. 53755, HONORABLE JOE CARROLL, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N
 
In February 2003, the district court deferred adjudication and placed appellant George
Daniel Luster, Jr., on community supervision after he pleaded guilty to aggravated sexual assault. 
See Tex. Pen. Code Ann. § 22.021 (West Supp. 2004-05). In October 2004, following a hearing on
the State’s motion, the court adjudicated appellant guilty and sentenced him to forty-five years’
imprisonment.
Appellant’s court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738
(1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974);
Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex.
Crim. App. 1969).
Appellant filed a pro se brief raising four points of error. Points one, three, and four
assert error at the 2003 guilty plea proceeding. The matters asserted should have been raised in an
appeal from the deferred adjudication order; they cannot be raised now, following adjudication. 
Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); see Nix v. State, 65 S.W.3d 664,
667-68 (Tex. Crim. App. 2001).
In pro se point two, appellant contends that evidence suggesting that he was
incompetent to stand trial was raised at the adjudication hearing. See Tex. Code Crim. Proc. Ann.
art. 46B.004(b) (West Supp. 2004-05). During his own testimony at the hearing, appellant stated
that he receives Social Security disability payments. Asked the basis for his disability, appellant
replied, “Mental blocks and paranoid schizophrenic.” Appellant went on to state that he had stopped
taking his medication because, when he had pleaded guilty, “the medication kept me sedated and
unable to think.” Appellant’s counsel asked, “So you’re thinking clearly now?” Appellant
answered, “Yes, sir.” 
Appellant urges that his testimony that he was not taking his medication raised an
issue as to his competence to stand trial. But at the hearing, appellant asserted that the drugs made
him “sedated and unable to think.” Contrary to his present assertion, appellant testified below that
he was thinking clearly at the adjudication hearing. No issue of appellant’s competency was raised
at the adjudication hearing, nor do we find any evidence of incompetence in the hearing record. See
McDaniel v. State, 98 S.W.3d 704, 710-11 (Tex. Crim. App. 2003). Point two is overruled.
We have reviewed the record, counsel’s brief, and the pro se brief. We find nothing
in the record that might arguably support the appeal. Counsel’s motion to withdraw is granted.
The judgment of conviction is affirmed.
 
 
                                                __________________________________________
                                                W. Kenneth Law, Chief Justice
Before Chief Justice Law, Justices Patterson and Puryear
Affirmed
Filed: April 7, 2005
Do Not Publish